IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KENNETH K. NAKAMOTO, Fed. ID #84037-022,<br><br>        Plaintiff,<br><br>  vs.<br><br>ALAN C. KAY,<br><br>        Defendant. | CIV. NO. 12-00201 HG/KSC<br><br>ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING COMPLAINT AND ACTION |

## ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING COMPLAINT AND ACTION

Before the court is *pro se* Plaintiff Kenneth K. Nakamoto's ("Plaintiff") prisoner civil rights complaint brought pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and *in forma pauperis* application. Plaintiff names United States District Judge Alan C. Kay as the only Defendant to this suit. Judge Kay presided over Plaintiff's numerous revocation proceedings following his prosecution for bank robbery, including his most recent revocation proceedings held on January 10th, and February 23, 2011.[1] *See* 1:92-cr-00199, ECF #111, #117, #118. Plaintiff alleges that Judge Kay violated

---

[1] The Honorable Harold M. Fong presided over Plaintiff's criminal proceedings, finding Plaintiff not guilty by reason of insanity. *See* 1:92-cr-001199, ECF #111.

unspecified constitutional rights by participating in an "open-ended co-conspiracy" and "fraud upon the court."  ECF #1, Compl. at 6.

The Complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1), for failure to state a claim. Plaintiff's *in forma pauperis* request is DENIED.

## I. **STATUTORY SCREENING**

The court must screen all civil actions brought by prisoners that relate to prison conditions and/or seek redress from a governmental entity, officer, or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if its claims are legally frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).

A complaint may be dismissed for failure to state a claim for (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned,

the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, ----, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The court must construe a *pro se* complaint liberally, accept all allegations of material fact as true, and construe those facts in the light most favorable to the plaintiff. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Leave to amend should be granted unless it appears that amendment is futile. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

## II. BACKGROUND

In 1992, Plaintiff was indicted for allegedly robbing a bank. *See* 1:92-cr-01199. On October 9, 1992, the Honorable Harold M. Fong found Plaintiff not guilty by reason of insanity and thereafter ordered a mental examination of Plaintiff. In February 1993, Judge Fong committed Plaintiff to the custody of the Attorney General for hospitalization and treatment at a suitable medical facility. In 1994, Plaintiff was released with various conditions. Since then, Plaintiff's release has been revoked several times, most recently on February 23, 2011, when Judge Kay revoked Plaintiff's conditional release and ordered him to the U.S. Medical Center for Federal Prisoners ("MCFP") in Springfield, Missouri for reevaluation and adjustment. 1:92-cr-01199, ECF #118-119.

On July 19, 2011, Plaintiff filed a document titled "Motion to Vacate Judgment of Civil Commitment [Also U.S. Probation and Supervised Release] under Rule 60(b) and 60(d)(3) Fed. R. Civ. P. under the Entire U.S. Constitution and Under the United Nations Treaty and United Nations Participation Act of 1945 [Never Rescinded an [Sic] Ratified into U.S. Law by Pres. Truman & U.S. Senate-U.C.C." *See* 1:92-cr-01199. This document listed Judge Kay as a Defendant in the caption, argued that Judge Kay committed misconduct in the course of the criminal proceeding, and sought relief pursuant to Rule 60 of the Federal Rules of Civil Procedure.

United States District Judge Susan Oki Mollway ordered Plaintiff to clarify the basis for this filing, to explain why Rule 60 of the Federal Rules of Civil Procedure was available to challenge his order of commitment and revocation proceedings, why his motion was not time-barred, and to determine whether it should be construed as a motion under 28 U.S.C. § 2255. **See** 1:92-cr-01199, ECF #122, Order Seeking Clarification.

Although Plaintiff responded to the Order Seeking Clarification, Judge Mollway found that his response was insufficient and she again directed him to clarify his intent in filing the motion. 1:92-cr-01199, ECF #124. When Plaintiff failed to do so, Judge Mollway denied the motion and declined to issue a certificate of appealability. *Id.*, ECF #125, #128.

Plaintiff appealed, ECF #126, and that appeal is pending as of the date of this order.  *See* USCA 11-17505 (9th Cir., Oct. 19, 2011.)

### III.  DISCUSSION

Plaintiff's Complaint is nearly indecipherable. Plaintiff gives no coherent details to support his civil rights claims against Judge Kay, although he vaguely complains that his criminal defense attorney was ineffective.  Plaintiff appears to challenge the finding of not guilty by reason of insanity in the underlying criminal matter and revocation of conditional release, rather than any particular action of Judge Kay's that has allegedly affected the conditions of his confinement or denied him his constitutional rights, although he provides no details to support such a challenge.  Plaintiff states several times that he is not, or soon will no longer be, incarcerated.  Nonetheless, Plaintiff seeks release from prison and $1 billion in damages. *See* Compl. at 4-6.

**A.   Judicial Immunity**

To the extent that Plaintiff seeks relief against Judge Kay based on his current confinement, his claims fail.  Judges are absolutely immune from liability for damages based on acts performed in their official capacities.  *Ashelman v. Pope*, 793 F.2d 1072 (9th Cir. 1986) (*en banc*).  Judicial immunity applies no matter how "erroneous the act may have been, and however

injurious in its consequences it may have proved to the plaintiff." *Id.* at 1074 (citing *Cleavinger v. Saxner*, 474 U.S. 193 (1985) (quotations omitted)). Judicial immunity is not affected "by the motives with which their judicial acts are performed." *Ashelman*, 793 F.2d at 1077.

"A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quotations omitted). The public policy that underlies judicial immunity is the furtherance of independent and disinterested judicial decision making. *Ashelman*, 793 F.2d at 1078. The Ninth Circuit broadly construes the scope of judicial immunity, which applies even if there are allegations that a judicial decision resulted from a bribe or a conspiracy. *Id.* Absolute immunity "is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief." *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996) (discussing federal judges' immunities).

Judicial immunity is not absolute; there is no immunity if a judge acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature. *Ashelman*, 793 F.2d at 1075. An act is judicial in nature if it is a function

normally performed by a judge. *Id.* To determine whether an act is judicial or non-judicial, the Ninth Circuit asks whether:

> (1) the act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity.

*In re Complaint of Judicial Misconduct*, 366 F.3d 963, 965 (9th Cir. 2004).

Judge Kay acted within his official judicial capacity when he presided over Plaintiff's numerous revocation proceedings in 1:92-cr-001199. To the extent that Plaintiff challenges these core judicial functions, and this is unclear from the Complaint, Plaintiff's claims are barred by the doctrine of judicial immunity.

**B.     Heck v. Humphrey**

To the extent that Plaintiff is seeking damages against Judge Kay relating to his 2011 revocation proceedings, those claims are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).

"[T]o recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]"  *Id.* 512 U.S. at 486-87.

Any determination that Judge Kay or Plaintiff's attorney acted improperly at his revocation proceedings would call into question Plaintiff's continuing incarceration. Plaintiff's sentence has not been reversed, expunged, declared invalid, or otherwise set aside.  Plaintiff's claims regarding his revocation proceedings are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), fail to state a claim, and are DISMISSED.

**C.    28 U.S.C. § 2255**

To the extent that Plaintiff is challenging the 2011 revocation of conditional release proceedings, he must do so by filing a motion pursuant to 28 U.S.C. § 2255.  *Harrison v. Ollison*, 519 F.3d 952, 954 (9th Cir. 2008).  Judge Mollway explained this procedure to Plaintiff in 1:11-cv-00455 and gave him ample time to respond to her Order of Clarification.  As noted, Plaintiff's appeal of Judge Mollway's decision is currently pending before the appellate court.

**D.    28 U.S.C. § 1915(g)**

Plaintiff's Complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b), for failure to state a claim. Amendment is futile and this dismissal is with prejudice and without leave to amend.  Plaintiff's *in forma pauperis* application is DENIED.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii);

*O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990) (finding that the court may deny an IFP application when it finds the complaint is frivolous or fails to state a claim).

Plaintiff is notified that, pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  This dismissal may constitute a strike under 28 U.S.C. § 1915(g).

## IV.  CONCLUSION

IT IS HEREBY ORDERED that:

(1)  The Complaint is DISMISSED with prejudice for failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(b) & 1915A(b)(1).

(2)  Plaintiff's *in forma pauperis* request is DENIED.

(3)  The Clerk of Court is DIRECTED to terminate this case and note on the docket that this case may constitute a strike

//
//
//
//

9

pursuant to 28 U.S.C. § 1915(g).

    IT IS SO ORDERED.

    DATED: April 27, 2012, Honolulu, Hawaii.



                                          /S/ Helen Gillmor

Helen Gillmor
United States District Judge

*Nakamoto v. Kay,* 1:12-cv-00201 HG/KSC; ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING COMPLAINT AND ACTION; psas\screening\dmp 2012\Nakamoto 12-201 HG (ftsc jud imm, heck, etc)